## Stotesbury Estate

*Maxwell Strawbridge, Edward S. Morris* and *Gordon A. Block,* for individual accountants.

*M. Paul Smith,* for corporate accountant.

*Thomas H. W. Jones,* guardian ad litem, for minors, etc.

HOLLAND, P. J., August 20, 1953.—The account of Girard Trust Corn Exchange Bank (formerly known as Girard Trust Company), Natalie E. Tyson, Frances H. Baird, and Edward S. Hutchinson, succeeding trustees, was examined and audited by the court on June 11, 1952.

The account shows a combined balance of principal and income in the sum of $1,571,551.21, composed of investment securities, interest in loans and partnerships and cash, as shown on pages 2 to 9, inclusive, of the account.

The transfer inheritance tax has been paid.

The account is filed because the parties in interest, by petition submitted at the audit, are requesting that the trust be divided into three trusts of equal amounts, one for each of the life beneficiaries, and their respective lineal descendants in remainder. This petition has been considered and a decree entered of even date herewith dividing the trust into three separate trusts as requested. Award will be made in accordance therewith.

It will be noted that in accordance with the same petition each life beneficiary resigns as a trustee of each of the other two trusts and remains trustee of the trust of which he or she is the life beneficiary. The

corporate trustee, together with the life beneficiary of each trust, are appointed as trustees respectively for each trust. When this adjudication becomes final, Girard Trust Corn Exchange Bank, Frances H. Baird, Natalie E. Tyson, and Edward S. Hutchinson may present a decree to the court to be discharged as trustees of the trust as a whole, in accordance with our rule of court.

Thomas H. W. Jones, Esq., guardian and trustee ad litem as aforesaid, filed an exception to a credit of $8,550 in the principal account purported to be partial compensation to the corporate trustee for the period from September 30, 1947, to March 31, 1952, a period of approximately four and a half years. In his report the guardian and trustee ad litem cites Williamson Estate, 368 Pa. 343 (1951), restating the old rule that a trustee is not entitled to any compensation out of principal until the termination of the trust. However, the Act of May 1, 1953 (No. 10), removes the prohibition of the court allowing compensation to a fiduciary previous to the termination of the trust, and, on the contrary, allows the court to allow such proper compensation before the end of the trust as in the discretion of the court appears to be just and proper.

This act applies to trusts created previous to the effective date of the act the same as trusts created thereafter. I take it that this act has no constitutional objection as being retroactive inasmuch as the remainder principal interests are not deprived of anything that they would otherwise receive. Inasmuch as the principal would be subject to a commission at the termination of the trust, the principal beneficiaries would be deprived to that extent. It makes no difference to them if the same amount is deducted at a previous time as they lose nothing thereby.

The amount objected to is approximately one half of five percent of the annual income, and the arrange-

ment was made with the corporate trustee, the court is informed, whereby half of the five percent as calculated on the annual income is taken out of the principal and one half out of the income. Applied to the amount of the principal, it would appear that it works out at about a little over one tenth of one percent of the principal. The trustees must bear in mind, however, that if this compensation is approved, it will be considered as a whole at the termination of the trust, and the court will see that the trustees do not receive any greater amount over the years during the duration of the trust than they would receive according to the usual rules as to compensation at the termination of the trust. All this calculation, of course, will be subject to the over-all rule that trustees should be compensated fairly, justly, and reasonably, for the service they have actually performed. In the light of this new Act of 1953 above referred to, I see nothing objectionable to the arrangement, and the exception is dismissed.

The guardian and trustee ad litem raises a question as to whether the division of the trust into three trusts as above indicated and as provided specifically by section 991 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.991, is unconstitutional on account of being retroactive. Again, it would not appear that there is any constitutional objection on account of the retroactive feature of the act as applied to this case because the beneficiaries receive the exact proportion of the property that they would otherwise receive. The guardian and trustee ad litem takes the view that if the court deems this section constitutional as applied to this case he agrees to the division into the three trusts. Inasmuch as the court is of the opinion that it is not unconstitutional and inasmuch as the other interested parties consent to the division, the court takes it that the guardian ad litem also gives his consent or at least does not raise any objection thereto.

There is awarded to Thomas H. W. Jones, guardian and trustee ad litem, as aforesaid, a fee of $500, for his compensation as such, the same to be paid out of principal.

The balance of principal and income are awarded as suggested under the last paragraph of the petition for adjudication. All awards are subject to distributions heretofore properly made.

The account is confirmed, and it is ordered and decreed that Girard Trust Corn Exchange Bank (formerly known as Girard Trust Company), Natalie E. Tyson, Frances H. Baird, and Edward S. Hutchinson, succeeding trustees, as aforesaid, forthwith pay the distributions herein awarded.

Counsel for accountants shall file a schedule of distribution in duplicate.

And now, August 20, 1953, this adjudication is confirmed nisi.